Jerry and Jelyeen Alexander brought an action against Tony and Harbin Garrett for "negligently/wantonly" causing an injury to Jerry Alexander resulting from the operation and ownership of a truck. In the same action, the Alexanders sought to recover $60,000 from Preferred Risk Mutual Insurance Company, which provided the Alexanders with uninsured motorist coverage on three vehicles owned by Jerry Alexander.
Was the 1972 Ford Bronco owned by Harbin Garrett and operated by Tony Garrett at the time Jerry Alexander was injured covered under Harbin Garrett's Alfa farmowner's policy? No. It was excluded; and the exclusion was not ambiguous, because the policy provided that it did not cover bodily injury arising out of the ownership, operation, maintenance, use, loading, or unloading of a land motor vehicle owned by Harbin Garrett and "designed for use on public roads or subject to motor vehicle registration." The 1972 Bronco was designed for use on public roads (undisputed evidence shows that it was used on public roads), and it was subject to motor vehicle registration (undisputed evidence shows that it was registered). The farmowner's policy provided coverage for bodily injury if the "land motor vehicle" was not subject to motor vehicle registration because it either was used exclusively on the residence premises (undisputed evidence shows that it was not) or was kept in dead storage on the residence premises (undisputed evidence shows that it was not).
From this, I conclude that the policy was not ambiguous and that there was no genuine issue of material fact as to whether the 1972 Bronco was a land motor vehicle that was designed for use on public roads and was subject to motor vehicle registration because it was not used exclusively on residence premises or kept in dead storage on residence property. Hence, there was no coverage.
The majority opinion holds that an ambiguity was created because the Alfa policy did cover a "farm implement" except while being towed by or carried on a land motor vehicle; and that, because the 1972 Bronco was used for farm work, the term "farm implement" might be broad enough to cover the 1972 Bronco. I do not view this as creating an ambiguity. Even if the term "farm implement" was broad enough to cover it, the 1972 Bronco, as a "land motor vehicle," is specifically excluded from coverage. I would affirm the trial court's summary judgment.
The 1972 Bronco was not a scheduled vehicle under Tony or Harbin Garrett's Alfa automobile policies, and I am of the opinion that Jerry Alexander's bodily injuries were not covered under either of those policies.
ALMON and STEAGALL, JJ., concur.